**ESTATE OF Mary PASTEUR, Appellant,**

v.

**John D. BURTON, Appellee.**

**No. 2:92CV00188.**

United States District Court, M.D. North Carolina, Greensboro Division.

April 15, 1993.

John D. Burton, pro se.

Carl Lewis Tilghman, Beaufort, NC, for appellee.

## MEMORANDUM ORDER

TILLEY, District Judge.

This case arises from an appeal from a bankruptcy court order of confirmation of the debtor's Chapter 13 plan of February 5, 1992. The Appellant, the Estate of Mary Pasteur ("Estate") objected to the bankruptcy court's confirmation of the plan at a confirmation hearing on December 3, 1991, claiming that the plan modified the rights of the secured creditor regarding a debt secured only by real property which is the debtor's principal residence. The issue before this Court is whether the debtor's Chapter 13 Plan is a modification of the creditor's rights, barred by § 1332(b)(2) of the Bankruptcy Code, or whether it merely cures a default as allowed by § 1332(b)(3). Because the plan allows Mr. Burton to extend the time of his payments past that originally contemplated by the parties, it works as a modification of the creditor's rights and cannot be confirmed. Therefore, the order of the Bankruptcy Court is REVERSED.

## I.

In 1981, John D. Burton and the Estate entered into a land-sale agreement. In exchange for certain residential property, Mr. Burton paid $3,500.00 in hand to Patricia T. Arthur, Administratrix CTA of Ms. Pasteur's estate, and gave a promissory note for $31,-500.00. In addition, the promissory note set minimum monthly payments at $355.27 beginning December 1, 1981 and a balloon payment due November 1, 1991 to cover any principal plus interest still owed. The parties also signed a deed of trust, granting the conveyed property as security for the debt. Since the conveyance, the debtor has used the conveyed property as his principal residence.

In 1989, Mr. Burton defaulted in his payments and on March 7, 1990, the Estate filed a petition for foreclosure. On April 17, 1990, Mr. Burton filed a Chapter 13 plan calling for monthly payments of $500.00 for 60 months. The plan was approved on July 10, 1990, but Mr. Burton was dismissed on August 27, 1991, for failure to comply with the requirements of the plan.

Mr. Burton again filed for bankruptcy under Chapter 13. He originally proposed monthly payments of $355.26 until the indebtedness was paid. The bankruptcy court, however, considered this to be a modification barred by Chapter 13 and would not confirm. The court then modified the plan to provide for monthly installments of $550.00 until February 15, 1992, at which time payments would increase to $600.00 per month through December 1, 1993. According to the plan, the allowed claim of the Estate is then due and payable on December 1, 1993. Furthermore, the plan states that, if Mr. Burton has not paid the debt in full by December 1, 1993, the Estate may foreclose upon its deed of trust. Finally, the plan provides for automatic dismissal of the case with prejudice in the event that Mr. Burton is more than 30 days late with any regular monthly payment due under the plan. The bankruptcy court confirmed this plan on February 5, 1992.

## II.

The Estate argues that Mr. Burton's plan is a modification of its rights as a secured creditor whose debt is secured only by the debtor's principal residence, and thus invalid under § 1322(b)(2). Mr. Burton contends, and the bankruptcy court agreed, that the plan merely cures his default and is therefore valid under Chapter 13.

Section 1322(b) of the Bankruptcy Code provides, in pertinent part:

(b) Subject to subsections (a) and (c) of this section, the [Chapter 13] plan may—

    .    .    .    .    .

(2) modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence,* or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

(3) provide for the curing or waiving of any default;

    .    .    .    .    .

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due *after* the date on which the final payment under the plan is due;

    . . . .

11 U.S.C. § 1322 (1991) (emphasis added.)

The question this Court must consider is whether Mr. Burton's plan, calling for monthly payments until December 1, 1993, with a balloon payment on that date, is a modification of the Estate's rights or whether it is merely a cure and thus permissible under § 1322.

The Fourth Circuit has held that a "cure" under § 1322 "reinstates the original pre-bankruptcy agreement of the parties." *Landmark Financial Services v. Hall,* 918 F.2d 1150, 1154 (4th Cir.1990). In the case

at bar, the original agreement contemplated that Mr. Burton would complete payment on his debt by 1991. Thus, the debt has, under the terms of the original agreement, naturally matured. *In re Seidel,* 752 F.2d 1382 (9th Cir.1985), held that in the case of a naturally maturing debt, a plan which called for delaying full payment of the debt operated as a "modification" under § 1322(b)(2). Thus, the Ninth Circuit would not allow the plan to stand. Likewise, the Third Circuit held that a Chapter 13 plan which allowed the debtor more than sixty days to redeem property after entry of a foreclosure judgment[1] is a modification of the creditor's rights and thus invalid under § 1322(b)(2). *First Nat. Fidelity Corp. v. Perry,* 945 F.2d 61, 65 (3rd Cir.1991).

Similar to the Chapter 13 plans in *Seidel* and *First National,* Mr. Burton's plan calls for extending his payments until December of 1993 even though the parties originally contracted that the debt would be paid in full in 1991. Thus, under the reasoning of the Ninth and Third Circuits, Mr. Burton's plan is a modification of the Estate's rights. This Court agrees with that reasoning. As a modification of a debt secured only by Mr. Burton's principal residence, Mr. Burton's Chapter 13 plan cannot be confirmed. Therefore, the bankruptcy court's confirmation of that plan is REVERSED and REMANDED.

---

1. Under 11 U.S.C. § 108(b), a debtor may redeem his home by payment in full until sixty days after the foreclosure judgment is entered.